**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Gregory Esparza,** | ) | **CASE NO. 3:96 CV 7434** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **Carl Anderson, Warden,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

**I.    Introduction**

This matter is before the Court upon Petitioner Gregory Esparza's Motion for Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c) (ECF # 208). For the following reasons, Esparza's Motion is denied.

**II.    Background**

The factual and procedural history of this matter is set forth at length in this Court's July 12, 2012 Memorandum of Opinion and Order (ECF # 194) and will not be repeated here in full. This Opinion will set forth only that background information necessary for resolution of Esparza's motion.

On September 5, 1996, Esparza filed his Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254, raising fifty-six (56) claims for relief.  (ECF # 12).  In a Memorandum of Opinion & Order dated October 13, 2000 (ECF # 132), the Court (through

Judge Kathleen O'Malley) found four of Esparza's fifty-six claims for relief to be well-taken, i.e. Claims 1, 39, 44, and 52. In these Claims, Esparza argued (1) the indictment was defective because it failed to contain all of the elements necessary to charge Esparza with capital murder (Claim 1); (2) the trial court erred when it denied defense counsel's request for a continuance to prepare for mitigation (Claim 39); (3) ineffective assistance of his counsel ("IAC") during the mitigation phase (Claim 44); and (4) cumulative error. (Claim 52).[1] The Court granted the writ and ordered Respondent to set aside Esparza's sentence of death and impose a life sentence. (ECF #132 at 158).

Respondent appealed the Court's ruling with regard to the defective indictment, denial of continuance, IAC during mitigation, and cumulative error claims. Esparza cross-appealed, raising three grounds on which he asked the court to grant a general writ invalidating his convictions for aggravated murder and aggravated robbery. These grounds were (1) IAC at trial claims based on defense counsel's failure to interview witnesses (Counts 14, 15, 17 and 19(v)); (2) several *Brady* claims (Count 3); and (3) a claim based on the trial judge's refusal to recuse himself after conducting a witness certification hearing (Count 7).

On appeal, the Sixth Circuit agreed the indictment was constitutionally defective and affirmed this Court's decision to vacate the death sentence. *Esparza v. Mitchell*, 310 F.3d 414 (6th Cir. 2002). In its decision, the court considered only that part of this Court's decision relating to Esparza's defective indictment claim and expressly stated that "we need not reach the alternate grounds on which Esparza asks us to vacate the death sentence: that he was denied

---

[1] The Court also explicitly considered and rejected Esparza's other 52 claims as being without merit, including Esparza's *Brady* Claim (Claim 3). (ECF # 132 at 43-45).

effective assistance of counsel at sentencing, that his rights were violated when he was denied a continuance to prepare for the sentencing phase, and that his rights were violated through cumulative error in the sentencing phase." *Id.* at 422. In addition, the Sixth Circuit considered and rejected each of the three grounds raised by Esparza in his cross-appeal, including Esparza's *Brady* claim. *Id.* at 422-425.

Both Respondent and Esparza filed petitions for certiorari regarding different aspects of the Sixth Circuit's decision. Esparza's petition related to the denial of the three claims for which he had sought a general writ, including his *Brady* claim. (ECF #147). Esparza's petition was denied by the Supreme Court. *See* U.S. Supreme Court Docket, Case No. 02-8849.

Respondent's petition was granted. In a per curiam decision dated November 3, 2003, the United States Supreme Court reversed the Sixth Circuit with regard Esparza's defective indictment claim. *Mitchell v. Esparza*, 540 U.S. 12, 17-18 (2003). In a footnote, the Supreme Court specifically stated that "[o]ur decision, like the Court of Appeals', is limited to the issue presented here ... We express no view whether habeas relief would be available to [Esparza] on other grounds." *Id.* at fn 4. The Supreme Court then remanded the case "for further proceedings consistent with this opinion." *Id*. at 19. The case was remanded to the Sixth Circuit. That court then issued an Order on November 17, 2003, remanding the case "to the District Court for reconsideration in light of the Supreme Court's opinion." *See* 11/17/2003 Order (ECF # 151).

Once the case was remanded to this Court, Esparza moved for a stay to allow him to pursue an *Atkins* claim in state court. On February 20, 2004, the Court granted Esparza's motion and agreed to hold proceedings in abeyance. (ECF # 159). Six years later, the Court removed the case from abeyance and ordered briefing regarding the scope of the Court's

authority on remand. Pursuant to the Court's Order, Respondent filed a "Supplemental Answer" (ECF # 170) on June 5, 2010 and Esparza filed a "Memorandum in re Proceedings on Remand" (ECF # 174) on June 21, 2010. In addition, on July 20, 2011, this Court ordered the parties to submit cross-briefs regarding the effect, if any, of the Supreme Court's recent decision in *Cullen v. Pinholster,* 131 S.Ct. 1388 (2011) on the instant case.[2] The parties submitted their cross-briefs on "the *Pinholster* effect" on August 29, 2011. (ECF # 178, 179).

On July 12, 2012, this Court issued a Memorandum of Opinion & Order denying Esparza's Petition. (ECF # 194). The Court first found it had the authority to re-evaluate that portion of this Court's October 13, 2000 Opinion & Order granting Esparza's Petition with respect to Esparza's denial of continuance and IAC during mitigation claims. (ECF # 194 at 17 - 19). It then rejected Esparza's argument that the Court should re-evaluate his *Brady* claim, finding that the Sixth Circuit expressly considered and rejected this claim and its decision on this issue became final once the Supreme Court denied Esparza's Petition for Certiorari. (ECF # 194 at 20).

In its review of Esparza's denial of continuance and IAC during the mitigation phase claims, the Court concluded it was limited under *Pinholster* to considering only that evidence that was before the state courts and could not consider any evidence adduced during an evidentiary hearing conducted in these federal proceedings in August 1999. (ECF # 194 at 33). Because the Court's October 13, 2000 Opinion & Order relied heavily on evidence adduced

---

[2] In *Pinholster*, the Supreme Court held that federal habeas review of a claim adjudicated on the merits by a state court "is limited to the record that was before the state court." *Pinholster*, 131 S.Ct. at 1398.

during that hearing, the Court found that its previous rulings regarding Esparza's denial of continuance and IAC during mitigation claims must be vacated. (ECF # 194 at 33). The Court then analyzed these claims under 28 U.S.C. §2254(d)(1), considering only that evidence that was before the state courts. After exhaustively reviewing the state court record, the Court concluded the state courts' resolution of Esparza's denial of continuance and IAC during mitigation claims was not contrary to, or an unreasonable application of, clearly established federal law pursuant to § 2254(d). (ECF # 194 at 59-63, 67-92). Accordingly, the Court denied Esparza's Petition. Because "reasonable jurists could debate the Court's conclusions" with regard to both Esparza's denial of continuance and IAC during mitigation claims, the Court issued a COA for both of those claims. (ECF # 194 at 95). The Court did not issue a COA with respect to Esparza's *Brady* claim.

Shortly thereafter, Esparza filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and "Supplemental Memorandum in Support" thereof. (ECF # 197, 201). In his Motion, Esparza argued (among other things) that this Court erred in declining to re-open his *Brady* claim on remand because both the Sixth Circuit and the Supreme Court failed to consider the "capital aspects" of that claim. He maintained that "no Court, including this one, has ever addressed what the outcome of the trial would have been if the State had indicted Mr. Esparza using the proper 'principal offender' death specification language but had not suppressed the evidence that Mr. Esparza was not actually the principal offender." (ECF # 206 at 6).

On February 27, 2013, the Court issued a Memorandum of Opinion & Order, granting in part and denying in part Esparza's Motion to Alter or Amend Judgment. (ECF # 207). With regard to Esparza's *Brady* claim, the Court declined to alter or amend its previous judgment.

The Court noted Esparza raised his concerns about this claim in the Supreme Court in his "Petition for Rehearing of Decision and Judgment," which that court summarily denied. *See Mitchell v. Esparza*, 540 U.S. 1142 (Jan. 12, 2004). In addition, the Court found Esparza could have raised this issue in his "Motion to Recall Mandate," noting "[w]hile this would have been a logical time and place to do so, Esparza did not ask the Sixth Circuit to recall the mandate for the additional reason that it needed to address the alleged impact of the Supreme Court's decision on the Sixth Circuit's analysis of his *Brady* claim." (ECF # 207 at 36-7). Finally, the Court rejected Esparza's claim that "no Court, including this one, has ever addressed" the "capital aspects" of his *Brady* claim, finding that Judge O'Malley expressly considered the suppressed evidence and concluded "a jury reasonably could have found that, although other suspects were investigated for this homicide, Esparza was the actual assailant." (ECF # 207 at 38). Thus, the Court rejected Esparza's argument that this Court should reconsider its July 12, 2012 Opinion & Order, conduct a *de novo* review of his *Brady* claim, and grant habeas relief on that claim. (ECF # 207 at 39).

On March 12, 2013, Esparza filed a "Motion for Certificate of Appealability Pursuant to 28 U.S.C. § 2253(C)." (ECF # 208). Respondent filed a Brief in Opposition on March 18, 2013 (ECF # 209). It is this Motion that is currently before the Court.

**II.     Analysis**

In his Motion, Esparza asks the Court to issue a Certificate of Appealability ("COA") on the denial of that portion of his Motion to Alter or Amend Judgment relating to his *Brady* claim. (ECF # 208). He argues that, because reasonable jurists could conclude "both that the Sixth Circuit's decision already has adjudicated the *Brady* materiality prong and that this Court in its

prior Opinion failed to adjudicate it under the correct standard, this Court should issue a COA pertaining to its denial of the *Brady* claim as presented in the Rule 59(e) Motion." (ECF # 208 at 9).

Respondent opposes Petitioner's Motion contending that Petitioner's most recent *Brady* claim was first made in his 59(e) Motion to Alter or Amend the Judgment, in part. The Court rejected Petitioner's argument finding it untimely because it was first raised in his Motion to Alter or Amend. Because reasonable jurists cannot dispute that the Court's denial of Petitioner's Motion on procedural grounds was correct, Petitioner is not entitled to a Certificate of Appealability.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires a habeas petitioner to obtain a COA pursuant to 28 U.S.C. § 2253(c) prior to appeal. That statute provides, in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court
>
> * * *
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of a denial of a constitutional right.

28 U.S.C. § 2253(c). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained the requirements a habeas petitioner must fulfill prior to obtaining a COA under this statute:

> To obtain a COA under § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for

> that matter, agree that) the petition should have been resolved in a different
> manner or that the issues presented were "adequate to deserve encouragement
> to proceed further."

*Id*. at 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). While the burden to obtain a COA rests squarely on the petitioner, the petitioner is not required to prove that his claims ultimately will prevail. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

As an initial matter, it is not entirely clear whether Esparza is required to obtain a COA from this Court regarding the denial of his Rule 59(e) Motion. As the Supreme Court has explained, a habeas petitioner is required to obtain a COA only from "final orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioner's detention." *Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Sixth Circuit has not explicitly considered whether the denial of a Rule 59(e) motion constitutes a "final order" for purposes of § 2253(c). However, that court has found that a habeas petitioner is required to obtain a COA when appealing a district court's denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (stating that "[t]his court has recently clarified that a COA is necessary not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)"); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). Moreover, where district courts have granted COAs on the denial of a Rule 59(e) motion, the Sixth Circuit has acknowledged this practice without finding error. *See e.g. Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010); *Penson v. Collins*, 2001 WL 1254910 at * 2 (6th Cir. Oct. 10, 2001).

However, when the denial of a Rule 59(e) Motion is based on procedural grounds, the Court must first determine its ruling is debatable among reasonable jurists. As the Supreme Court held in *Slack*:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* at 484

Upon careful review, the Court finds that reasonable jurists could not debate the *Brady* issue raised in Esparza's Rule 59(e) Motion was procedurally improper as having been raised for the first time in his Rule 59(e) Motion. As the Sixth Circuit has repeatedly held, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. U.S.* 533 F.3d 472, 475 (6th Cir. 2008).

### III. Conclusion

Accordingly, Esparza's Motion for Certificate of Appealability (ECF # 208) is denied.

IT IS SO ORDERED.

                         Christopher A. Boyko
                         CHRISTOPHER A. BOYKO
                         UNITED STATES DISTRICT JUDGE

DATED: March 22, 2013